**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

ARKANSAS DEPARTMENT                                                APPELLANT
OF WORKFORCE SERVICES

v.                                        No. 5:16CV00267 JLH

TILDA MARIE CHAMBERS LEAKS                                          APPELLEE

### OPINION AND ORDER

The Arkansas Department of Workforce Services recorded two liens in an Arkansas circuit court against Tilda Marie Chambers Leaks after she received an overpayment of unemployment compensation benefits. Leaks filed for Chapter 13 relief under the bankruptcy code and sought to avoid the two liens as judicial liens. *See* 11 U.S.C. § 522(f). The bankruptcy court[1] agreed, holding that the liens were obtained by a "process or proceeding within the Code's definition of a judicial lien." The department appeals this holding. This Court affirms.

On November 30, 2011, the Department mailed Leaks a Notice of Fraud Overpayment Determination. App'x at 63. The notice informed Leaks that she had failed to report her earnings accurately and as a result had been overpaid $552.00 in unemployment benefits. *Id.* The Department sent a similar but separate notice on October 4, 2012. *Id.* at 65. This notice advised Leaks that she had been overpaid $1,652.00 in unemployment benefits. *Id.* Because the Department determined that in both cases Leaks was overpaid due to fraud, it sought recovery of the overpayments. *See* Ark. Code Ann. § 11-10-532. Each notice also contained a paragraph explaining the appeal rights available to Leaks. Leaks could appeal the Department's determination within 20 days of the mailing of the notice. App'x at 65. The Department subsequently filed the two

---

[1] The Honorable Richard D. Taylor, United States Bankruptcy Judge.

overpayment notices, styled as Certificates of Overpayment of Unemployment Benefits, with the circuit court clerk of Calhoun County, Arkansas. The clerk recorded the first on March 6, 2012, and the second on March 2, 2015. *Id.* at 68-69. The Department certified that "final notification was made to [Leaks]" and "that all appeal rights ha[d] been exhausted." *Id.* Pursuant to Arkansas law, the recording of the certificates created liens on Leaks's real and personal property, bearing interest at a rate of ten percent annually. Leaks later filed for Chapter 13 bankruptcy. She filed a motion with the bankruptcy court to avoid the Department's two liens, arguing that they were judicial liens and therefore avoidable. *Id.* at 76. The bankruptcy court agreed. *In re Leaks*, 552 B.R. 741, 750 (Bankr. E.D. Ark. 2016).

This Court sits as an appellate court when reviewing a bankruptcy court's judgment. *In re Falcon Prods., Inc.*, 497 F.3d 838, 841 (8th Cir. 2007). The Department's appeal solely concerns the bankruptcy court's legal determination that the Department's liens are judicial. Accordingly, this Court's review is *de novo*. *Id.*

If the Department's liens fit under the bankruptcy code's definition of judicial liens, then Leaks can properly avoid the liens under 11 U.S.C. § 522(f). If they are statutory liens, however, they are not avoidable. 11 U.S.C. § 522(c)(2)(A). The code defines a judicial lien as one "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." *Id.* § 101(36). A statutory lien arises "solely by force of a statute on specified circumstances or conditions" but does not include security interests or judicial liens, even if they are provided for by statute. *Id.* § 101(53). Judicial liens and statutory liens are mutually exclusive. *In re Strother*, 328 B.R. 818, 820 (B.A.P. 10th Cir. 2005).

The Third Circuit has provided guidance in distinguishing judicial liens from statutory liens.

*See In re Schick*, 418 F.3d 321 (3d Cir. 2005). In *Schick*, the court held that a New Jersey Motor Vehicle Commission certificate of debt that became a lien upon being docketed by the clerk of a court was a statutory lien and not a judicial lien. *Id.* at 330. The court explained that the New Jersey statute required no judicial action and that the mere act of docketing the certificate of debt by the court clerk did not make it a judicial lien. *Id.* at 326, 329. The court considered how the debt was determined (statutorily fixed or judicially found), whether there was any judicial process required in order for the debt to be fixed, and, if so, its proximity to the fixing of the debt. *Id.* at 326-27. In order "for a lien to be judicial, there must be some judicial or administrative process or proceeding that ultimately results in the obtaining of the lien." *Id.* at 328. "[A] statute that lacks express lien-creating language may confer a judicial lien where there is accompanying judicial process or proceeding." *Id.* at 329.

Arkansas law provides for a quasi-judicial process after a determination of overpayment is made by the Department's director and before a certificate of overpayment can be filed with a circuit court clerk and recorded as a lien. Ark. Code Ann. § 11-10-522(c). This process allows an individual to appeal a Department determination to an impartial appeals tribunal. Ark. Code Ann. § 11-10-523(g), -524(a). The appeals tribunal must afford the parties a fair hearing where evidence can be presented and witnesses can testify. *Id.* § 11-10-524(b)(1)-(3). "[O]n the basis of the record," the tribunal has the power to affirm, modify, reverse, dismiss, or remand the Department's determination. *Id.* § 11-10-524(b)(1). An individual can appeal the tribunal's decision to the Department's Board of Review. *Id.* § 11-10-525. The Board of Review's decision can be appealed to the Arkansas Court of Appeals. *Id.* § 11-10-529. The Department's overpayment determination

is, thus, "[s]ubject to appeal proceedings and judicial review." *Id.* § 11-10-527(b).[2]

The bankruptcy court cited to a Wisconsin bankruptcy court decision addressing a nearly identical issue. The Wisconsin Department of Workforce Development obtained a lien against the debtor due to the debtor's misrepresentations concerning entitlement to unemployment compensation benefits. *In re Beck*, No. 15-29541-SVK, 2016 WL 489892, at *1 (Bankr. E.D. Wis. Feb. 5, 2016). The Wisconsin bankruptcy court held that this lien was judicial because the Wisconsin statutes provided the debtor with an appeals process similar to Arkansas's. *Id.* at *1, *4. The Department notes that during the pendency of this appeal, the district court for the Eastern District of Wisconsin vacated *Beck* as moot. The Department argues that "[w]ith the *Beck* case now moot and vacated the Bankruptcy Court lost a major pillar of support, and its reasoning as derived from *Beck* must also fall." Document #24 at 4. Although *Beck* was vacated due to mootness, the case was consolidated with another case. That case, *Wisconsin Dept. Workforce Dev. v. Boyd*, 2:16CV00202 (LA) (E.D. Wis. 2017), was not vacated, and was affirmed by the Wisconsin district court for the same reasons *Beck* was decided.

Next, the Department directs this Court to *In re Robertson*, No. 08-13590-DWH, 2009 WL 1456453, at *1 (Bankr. N.D. Miss. May 22, 2009), as support for its position. But in *Robertson*, the

---

[2] This type of quasi-judicial process makes good sense for a couple reasons. First, the Department charged Leaks with making "a false statement or misrepresentation of a material fact or knowingly has failed to disclose a material fact." *See* Ark. Code Ann. § 11-10-532(a). This is fraud, which, as the Department's Notice of Fraud Overpayment Determination indicates, is a crime punishable by fine and possible imprisonment that the department takes "seriously." Due process is surely called for given the serious nature of the determination. A second reason is noted by the Arkansas Supreme Court in *Smith v. Everett*, 276 Ark. 430, 637 S.W.2d 537 (1982). In *Smith*, the court, following *Goldberg v. Kelly*, 397 U.S. 254, 90 S. Ct. 1011, 25 L. Ed.2d 287 (1970), held that before an award of unemployment benefits "can be taken away the claimant must be given an opportunity to confront and cross-examine adverse witnesses at an evidentiary hearing." *Smith*, 276 Ark. at 432, 637 S.W.2d at 538.

parties agreed that the state agency held a statutory lien, and the only issue was whether the agency's lien attached to the debtor's exempt property. *Id. Robertson* is inapposite.

Relying on *Schick*, the Department contends that its liens are statutory because the last act giving rise to the creation of the lien—the filing of the certificate of debt—is not enough to make the lien judicial. The Department stresses that the code specifies how different liens are derived. It emphasizes that security interests are *created* by agreement, judicial liens are *obtained* by judgment, and statutory liens *arise* solely by force of a statute. The Department then argues that a lien is created when the Department files a certificate of overpayment with the circuit court clerk and the clerk records them in the court's judgment book. While that is true, before the liens are created, the Department certifies that all appeal rights have been exhausted. The Department's disconnecting of the quasi-judicial process from the filing of the certificates is untenable—that process is a necessary component of a lien's creation. The Department has emphasized that the quasi-judicial process does not result in a lien; rather, it merely results in a determination of the amount owed. As the Department notes, the lien is not created until the certificate of overpayment is sent to the clerk of court for filing. That process, however, is parallel to the process by which a civil case results in a judgment that acts as a lien on real property. A civil case, with procedural rights provided to both sides, results in a jury verdict or findings of fact and conclusions of law. Neither a verdict nor findings of fact and conclusions of law is a judgment. In both cases, the judgment is entered subsequently. In Arkansas, a judgment does not become a lien on real property until it has been filed and indexed in the judgment records of the circuit clerk. Ark. Code Ann. § 16-65-117. Entering the judgment and filing and indexing it cannot be separated from the process that begins with filing a complaint; they are the final steps in the process that results in a lien.

5

Similarly, filing the certificate of debt is not separate from the process by which the amount of the debt is determined; rather it is the final step in the process by which the lien is obtained. Although the process by which the Department determines an overpayment is not a judicial process, it is a quasi-judicial, administrative process of the sort that *Schick* recognizes as resulting in a judicial lien. *Schick*, 418 F.3d at 328.

The Department offers an alternative explanation of the quasi-judicial process. It acknowledges that Arkansas law, following federal directives, mandates fair hearings before impartial tribunals for individuals wishing to challenge unemployment benefit decisions; and it argues that because "[t]hese mandates have been incorporated into Arkansas' statutory structure and language," the mandates are specified statutory "conditions" and the liens remain statutory in nature. The Department's attempt to define the quasi-judicial process provided by Arkansas law as "conditions" is unavailing. The bankruptcy code defines a statutory lien as both one that arises "solely by force of a statute on specified circumstances or conditions" and as one that is not a judicial lien. 11 U.S.C. § 101(53). This definition leaves room for the possibility that a statute specifying conditions of judicial process—like Arkansas's—creates a judicial lien and therefore, by definition, not a statutory lien. While it may seem unfair that federal law requires the Department to afford due process before issuing a certificate of overpayment but then allows the overpayment to be avoided in bankruptcy because due process has been afforded, that is an issue to present to Congress. Unfair or not, a person in Leaks's position is entitled to due process rights before the Department may collect an overpayment, and when the Department grants those rights the lien obtained thereby is obtained through a process that makes the lien a judicial lien.

**CONCLUSION**

For the foregoing reasons, the judgment of the bankruptcy court is affirmed.

IT IS SO ORDERED this 14th day of June, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE